## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA,** acting by and through Philadelphia District Attorney Lawrence S. Krasner, | : : : : |
| *Plaintiff,* | : No. 2:24-cv-05823-GJP : |
| v. | : : |
| **ELON MUSK** and **AMERICA PAC**, | : : |
| *Defendants.* | : : |

### PLAINTIFF'S EMERGENCY MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447 and Local Rule 7.1, Plaintiff, Philadelphia District Attorney Lawrence S. Krasner, in the name of the Commonwealth of Pennsylvania, moves for an order remanding this case to the Philadelphia Court of Common Pleas.

### I.   INTRODUCTION

This Court should immediately remand this state-law action brought by DA Krasner.  Plaintiff seeks an emergency injunction to enjoin Defendants' lottery that violates Pennsylvania law and their conduct that violates the state's consumer protection law.  The Complaint asserts only state law claims and is not subject to removal under any theory advanced by Defendants.

DA Krasner filed this case on Monday, October 28 and the Court of Common Pleas scheduled a hearing on his Emergency Petition for Preliminary Injunctive Relief today at 10 a.m. (October 31).  Defendants waited until the night before the hearing (on October 30, just before midnight) to file their removal of the lawsuit.

There is no basis for removal of this state law action.

First, there is no federal question jurisdiction over the Complaint.  The Complaint asserts no federal claim; rather, it asserts state law claims for public nuisance for operation of an illegal lottery, 18 Pa. C.S. § 5512, and under the state consumer protection law ("UTPCPL"), 73 P.S. § 201-4.

Second, Defendants attempt to create federal jurisdiction by arguing that the Complaint "implicates" significant federal issues.  That contention is baseless. Defendants' Notice of Removal misinterprets United States Supreme Court law and disregards controlling Third Circuit law.   There is no reasonable basis for their position. *See League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 384 (3d Cir. 2019) (no abuse of discretion for award of costs and fees when removal lacks objectively reasonable basis).

Third, there is no diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1332(a); *Moor v. Cnty. of Alameda*, 411 U.S. 693, 717 (1973).  The Plaintiff is a state for purposes of the removal statute, which is not a "citizen" that can be diverse from another party. Further, the Notice misrepresents that the Complaint seeks civil penalties or disgorgement.  ECF 1, at 9.  Instead, the Complaint seeks only injunctive relief.  *See* Ex. A (Complaint), pp. 20, 24 (wherefore clauses).

As alleged in the Complaint, America PAC and Elon Musk are running their lottery and awarding $1 million daily until Election Day.  Brazenly, they have done so every day since the filing of the Complaint -- including this morning, the day of the scheduled hearing.   Viewed properly, the Notice of Removal is a stunt to obtain a procedural advantage to avoid a ruling on the Preliminary Injunction and run the clock until election day.  Plaintiff is ready, willing and able to address the Emergency Petition, immediately upon a remand.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The Complaint and accompanying Emergency Petition for Preliminary Injunction were filed on October 28, 2024 to stop Defendants America PAC and Musk from operating an illegal lottery in Philadelphia (and throughout Pennsylvania) (Count I), and from engaging in unfair and deceptive practices in connection with the illegal lottery (Count II).  *See generally* Exhibit A (Complaint), Exhibit B (Emergency Petition for Preliminary Injunction).

Defendants launched their illegal lottery nine days earlier (October 19, 2024) in Pennsylvania.  Exhibit A (Compl.), ¶¶ 29-34.  They announced that if a registered voter (1) turns over their personal identifying information (i.e., address, cell phone number, and e-mail address) and makes a political affirmation by signing a petition pledging support for "the Constitution, especially freedom of speech and the right to bear arms"; they (2) are eligible to be selected "randomly"; to (3) win $1 million.  *Id*. ¶¶ 38-50.  That is a clear violation of Pennsylvania lottery law and is a public nuisance.  18 Pa. C.S. § 5512; Ex. A, ¶¶ 74-92.  Defendants are also paying registered voters to sign up on their Petition - $47 in swing states but $100 in Pennsylvania.  Ex. A, ¶¶ 44-46.

Further, the America PAC website claims that Pennsylvania registered voters will receive $100 for providing their personal data and signing the petition, which is more money than what is offered to voters in other battleground states (*e.g.*, Georgia, Nevada, Arizona, Michigan, Wisconsin, or North Carolina).  *Id*. ¶¶ 44-47.

Defendants' scheme is a lottery under Pennsylvania law.  And it is an unlawful lottery because, under unambiguous Pennsylvania law, all lotteries in Pennsylvania must be regulated by the Commonwealth of Pennsylvania.  *See* 18 Pa. C.S. §5512(d) ("As used in this section the term 'unlawful' means not specifically authorized by law."); 72

P.S. § 3761-301 *et seq*. The Commonwealth's lottery law establishes a lottery to be operated and administered by the state, for the benefit of those 65 years of age or older. 72 P.S. § 3761-101; 3761-303; 61 Pa. Code § 801.3. State regulations govern many aspects of the lottery, including the procedures for claiming prizes and the use of lottery funds, and even require the disclosure of the odds of a participant's chances of winning. *See* 61 Pa. Code § 801.1 *et seq*. (regulations). Further, under unambiguous Pennsylvania law, the Pennsylvania General Assembly has declared that illegal lotteries are a public "nuisance," empowering law enforcement officers such as DA Krasner to seek an injunction in court to stop them. 18 Pa. C.S. § 5512.

Defendants' illegal lottery scheme also violates the Commonwealth's consumer protection laws. In connection with their scheme, they are deploying deceptive, vague or misleading statements that create a likelihood of confusion or misunderstanding. For example, they have not published a complete set of lottery rules or shown how they are protecting the privacy of participants' personal information. Also, though Defendant Musk says that a winner's selection is "random," that appears false; Pennsylvania winners just happened to be in attendance at the America PAC rallies. Ex. A, ¶ 65. The General Assembly's consumer protection laws empower DA Krasner to seek an injunction to stop that misconduct as well. *See generally* Ex. A, ¶¶ 93-115.

The Complaint therefore asserts exclusively state law causes of action for public nuisance (Count I) and under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1 to 201.9.3 (Count II).

The Complaint does not raise any federal question nor state any claim for relief arising under federal law. *Id*. ¶ 12. While it is true that Defendants' state law lottery and deceptive practices conduct may be motivated by Defendants' election activities, that

does not create federal question jurisdiction or any other basis for jurisdiction for this Court.  If Defendants engaged in an ordinary criminal act – say, shooting in broad daylight voters from the opposing party – they would be subject to prosecution under state law in a state court.  That their purpose was to win a federal election would not divest a state court of jurisdiction to hear the state law homicide prosecution.

Accordingly, DA Krasner respectfully requests an immediate argument on this Motion for Remand, if at all possible today, October 31, by this Court or the Emergency Judge sitting today, so that the Court of Common Pleas can hear the pending Petition for Emergency Preliminary Injunctive Relief.

## III.    LEGAL STANDARD

To effectuate a valid removal, Defendants must demonstrate that this Court has original jurisdiction.  28 U.S.C. § 1441.  Defendants have the "heavy burden of showing that at all stages of the litigation the case is properly before the federal court." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). "This heavy burden is imposed to effectuate the strong presumption against removal jurisdiction." *Boomerang Recoveries, LLC v. Guy Carpenter & Co., LLC*, 182 F. Supp. 3d 212, 217 (E.D. Pa. 2016) (internal citations omitted). "If at any time before final judgment it appears that [this Court] lacks subject matter jurisdiction," this Court must remand the action to state court. 28 U.S.C. § 1447(c).  "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown*, 575 F.3d at 326.

Federal courts have limited subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because jurisdictional limitations "spring[] from the nature and limits of the judicial power of the United States," they are "inflexible and without exception," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,

94–95 (1998), and courts have a "continuing obligation to assure that [they] have jurisdiction." *Wayne Land & Mineral Grp. v. De. River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020) (quotations omitted).  There is no jurisdiction here.

## IV.   ARGUMENT

Shortly before midnight on October 31 – less than twelve hours before the Court of Common Pleas had ordered all parties to appear for a 10 a.m. emergency injunction hearing—and three days after the District Attorney filed the Complaint — Defendants Musk and America PAC filed a notice of removal. ECF No. 1. This notice asserts two grounds for removal.  First, Defendants contend that there is federal question jurisdiction because the state law claims implicate significant federal issues, citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308 (2005).  Second, they assert that there is diversity jurisdiction because the District Attorney is a citizen of Pennsylvania when litigating in civil matters, citing *Commonwealth by and through Krasner v. Attorney General,* 309 A.3d 265, 276 (Pa. Cmwlth. 2024).

Both arguments are meritless and assert no grounds for removal.  Respectfully, remand of this exigent matter is warranted to allow the Court of Common Pleas to proceed with its hearing – preferably later tonight or early tomorrow.

### A.    There Are "No Significant Federal Issues" Underlying the Commonwealth's Complaint.

Defendants assert federal question jurisdiction exists because the Complaint pleads "claims that are inherently federal in nature," *i.e.*, interference with the upcoming election.  *See* ECF 1 (Defs.' Notice of Removal) at 2-6.  Defendants rely on *Grable & Sons*

*Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), for their federal question jurisdictional argument.  They are plainly wrong.

Where, as here, a complaint includes no federal cause of action, federal question jurisdiction can arise only if the "plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law."  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).  This branch of federal question jurisdiction is a "special and small" category of cases providing an exceedingly narrow basis for removal. *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 412 (3d Cir. 2015); *see also Grable*, 545 U.S. at 313-14 (observing narrow exception for certain embedded federal issues).

Federal question jurisdiction cannot possibly exist over this dispute:  (1) there are no federal law issues to be determined; instead, this matter involves two state-law claims concerning state-law issues; (2) the Complaint expressly disclaims that the matter concerns any federal law issues; and (3)  Defendants grossly misread *Grable*.

*First*, the Complaint pleads two Pennsylvania state-law claims, one common-law based and the other statutory.  Count I (Public Nuisance) alleges Defendants are operating an illegal lottery in violation of 18 Pa. C.S. § 5512; Count II (UTPCPL Violations) alleges Defendants' conduct and statements concerning their unlawful lottery constitute deceptive conduct in violation of the Pennsylvania UTPCPL. Both claims concern only issues of state law.  Neither "necessarily" raises a federal law issue, which is a required (but not sufficient) condition for the exercise of federal jurisdiction under *Grable.  See City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 707 (3d Cir. 2022), *cert. denied sub nom. Chevron Corp. v. City of Hoboken, New Jersey*, 143 S. Ct. 2483 (2023) ("If plaintiffs say their claims are state-law claims, we almost always credit

that.").  As Circuit Judge Stephanos Bibas explained in *City of Hoboken v. Chevron Corp.*, that is because plaintiffs are 'the masters of their claims.'"  *Id.*

*Second*, the Complaint is clear: "this is not a case about whether Defendants have violated state or federal laws prohibiting vote-buying.  Instead, this case is very simple because America PAC and Musk are indisputably violating Pennsylvania's statutory prohibitions against illegal lotteries and deceiving consumers." Exhibit A (Compl.) ¶ 9. "This is a Pennsylvania law matter, not a federal question.  It is for this state court to interpret the Commonwealth's laws." *Id.* ¶ 12.  Again, as Judge Bibas makes clear, this Court must credit Plaintiff's allegations that this is a state-law matter.  *City of Hoboken*, 45 F.4th at 707 (Plaintiff may "avoid federal jurisdiction by exclusive reliance on state law. After all, they choose to sue, so they choose why.").

*Third*, Defendants grossly misread *Grable*. *See* ECF No. 1 (Defs.' Notice of Removal) at 2-6. *Grable* involved a quiet title action, the resolution of which turned on a *contested issue of federal law*. *Grable*, 545 U.S. at 310-11. The Court explained, "the question is, does a state-law claim *necessarily* raise a stated federal issue, *actually disputed and substantial*, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314 (emphasis added).

That has no bearing in this dispute.  Here, there is no disputed or substantial federal-law issue.  The Complaint concerns only Pennsylvania public nuisance and lottery law, and Pennsylvania UTPCPL law.  Defendants attempt to invent a federal law issue by contending political expenditure and free speech concerns are in play.  That is wrong.  Courts have been clear that gambling activities are not considered speech. *Telesweeps of Butler Valley, Inc. v. Kelly*, No. 3:12-CV-1374, 2012 WL 4839010, at *7

(M.D. Pa. Oct. 10, 2012) (collecting cases), *aff'd sub nom. Telesweeps of Butler Valley, Inc. v. Att'y Gen. of Pennsylvania*, 537 F. App'x 51 (3d Cir. 2013).  And further, if the speech concerns unlawful activity, "the government may restrict it and the inquiry ends." *United States v. Bell*, 414 F.3d 474, 480 (3d Cir. 2005) (affirming district court's finding that Bell's website which advertised methods of evading payment of income taxes was both misleading and unlawful, thereby acquiring no First Amendment protection) (citing *Bates v. State Bar of Arizona*, 433 U.S. 350, 384 (1977) ("Advertising concerning transactions that are themselves illegal obviously may be suppressed.")).

The gist of Defendants' position appears to be that their alleged illegal lottery violations concern a disputed federal issue because Plaintiff says their conduct is a disguised effort to skirt federal vote-buying laws.  That completely misses the mark. The Supreme Court and Circuit law mandate that the question is whether the resolution of the Complaint's claims "necessarily" require the resolution of federal issues.  Not so here.  The Court ruling on whether Defendants are running an illegal lottery does not need to address any federal law issue.  Same with respect to Defendants' violations of the consumer protection laws.  The Court also does not have to rule on whether their conduct violates any campaign finance laws.

To be clear, federal election laws do not give rise to the Complaint's causes of action, and those causes of action do not turn on federal anti-vote-buying laws. Defendants' Notice tries to do what they cannot -- treat *Grable* as "a password opening federal courts to any state action embracing a point of federal law." *City of Hoboken*, 45 F.4th at 707.  Merely asserting that a state-law claim implicates federal-law problems is insufficient to raise a substantial federal question.  Claims like Plaintiff's that arise under state law and whose "elements do not require resolving substantial, disputed

federal questions" fail *Grable*'s test.  *Id.* at 709.  Respectfully, this Court should prohibit Defendants from doing so here.

### B.      There is No Diversity Jurisdiction.

There is no federal diversity jurisdiction over this dispute.  The reason is simple: Plaintiff is District Attorney Krasner, acting in the name of the Commonwealth of Pennsylvania.  Longstanding U.S. Supreme Court precedent provides that a state, the real party in interest, is not a "citizen" that can be diverse to other citizens within the meaning of 28 U.S.C. § 1332.  *Moor v. Cnty. of Alameda*, 411 U.S. 693, 717 (1973).  None of Defendants' contentions carry its burden to show the existence of diversity jurisdiction.

Defendants misstate the sole case on which they rely.  Defendants initially concede, as they must, that a district attorney acts as the state itself, not a "citizen" of that state, and thus cannot be diverse from citizens of another state, when enforcing *criminal* law.  ECF 1, at 7 (citing *Moor v. Cty. of Alameda*, 411 U.S. 693, 717 (1973)).  But they argue that a district attorney is a "citizen" of the state when litigating *civil* matters. *Id.*  For this proposition, they rely on a single authority: *Commonwealth by and through Krasner v. Attorney General*, 309 A.3d 265, 276 (Pa. Cmwlth. 2024), *appeal docketed*, No. 8 EAP 2024 (Pa. February 26, 2024).  That case says nothing of the sort.

*Krasner* did not decide, or even mention, whether a district attorney is the state or a citizen for diversity purposes when litigating civil cases.  Defendants quote an irrelevant snippet of that decision, without providing the context in which it was made. When the opinion stated "[s]uch is not the case with civil matters," it was not talking about diversity citizenship or removal jurisdiction.  Instead, it was talking about whether the Attorney General could supersede a local district attorney and settle a state-

law consumer claim being litigated by a district attorney.  That is a purely state statutory matter:

> Only in . . . limited circumstances, as prescribed by statute, may the Attorney General interfere with the district attorney's principal authority in criminal matters. . . .
>
> Such is not the case with civil matters. The General Assembly mandated that the Attorney General "shall represent" the Commonwealth in "any" civil action brought by the Commonwealth without limitation.

*Id.* (citing 71 P.S. § 732-204(c); other citation omitted).  Defendant's cherry-picking of the opinion provides neither support for their diversity argument nor show that the DA is not the "state" in civil enforcement actions.

In fact, the *Krasner* decision supports Plaintiff's position here.  The Court specifically noted, "[a]lthough district attorneys may bring suit under the UTPCPL, **the true party in interest is the Commonwealth, and not the local jurisdiction**." *Commonwealth by & through Krasner v. Att'y Gen.*, 309 A.3d 265, 273 (Pa. Commw. Ct. 2024) (emphasis added).  Where the real party in interest is the "state", there is no "citizen" under 28 U.S.C. § 1332 to be diverse from.  *Moor*, 411 U.S. at 717.

Defendants also misstate the allegations of the Complaint.  Defendants, who must demonstrate that the amount in controversy requirement is satisfied, falsely suggest that the Complaint seeks fines and penalties under the UTPCPL.  ECF 1, at 9.  It does not.  The Complaint requests only non-monetary relief in the form on an injunction to prohibit Defendants from their continual violations of Pennsylvania law.  Ex. A, at pp. 20, 24 (whereas clauses).

**C.** **The Court Should Expedite This Matter Because of Ongoing Irreparable Harm and the Rapidly Approaching Election.**

Removing parties bear the burden of establishing that removal is proper. *See Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995).  And removing parties must demonstrate that removal is proper based on the allegations in the complaint and the notice of removal.  *See City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 707 (3d Cir. 2022), *cert. denied*, 143 S. Ct. 2483, 216 L. Ed. 2d 447 (2023).  In reviewing whether removal is proper, courts are to "strictly construe" removal statutes and "all doubts should be resolved in favor of remand."  *Steel Valley Auth. V. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).  Failure to meet that burden requires remanding improperly removed cases.  *City of Hoboken*, 45 F.4th at 706.

Expeditious ruling on motions to remand improperly removed matters is appropriate in matters of immediate public importance.  *See*, *e.g.*, *League of Women Voters of Pa. v. Commonwealth of Pa.*, 921 F.3d 378, 381–82 (3d Cir. 2019) ("Plaintiffs . . . filed an emergency motion to remand to state court.  The United States District Court scheduled a hearing for that afternoon on plaintiffs' motion to remand.  . . . The District Court held its hearing . . . and then . . . remand[ed] the case to state court.").

Justice delayed in stopping illegal activity that harms Philadelphians and undermines their free, fair, and final elections is justice denied.  Plaintiff respectfully requests that this Court act with urgency.

## V.    CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiff, the Philadelphia District Attorney Lawrence S. Krasner, acting in the name of the Commonwealth of Pennsylvania, respectfully requests that this Court remand this case.

<table>
<tr><td></td><td>HANGLEY ARONCHICK SEGAL<br>PUDLIN & SCHILLER</td></tr>
<tr><td>Dated:  October 31, 2024</td><td>By:  <u>/s/ John S. Summers</u><br>John S. Summers (Atty. I.D. No. 41854)<br>jsummers@hangley.com<br>Andrew M. Erdlen (Atty. I.D. No. 320260)<br>aerdlen@hangley.com<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103-6933<br>(215) 568-6200<br>(215) 568-0300 (facsimile)<br><br>*Attorneys for Plaintiff*</td></tr>
</table>